Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| HÉCTOR RODRÍGUEZ BLÁZQUEZ<br><br>Peticionario<br><br><br>v.<br><br><br>JUAN M. COLÓN RIVERA Y OTROS<br><br>Recurrido | KLCE202301416 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br><br>Caso Núm. MZ2021CV00119<br><br><br>Sobre: Persecución Maliciosa |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Juez Santiago Calderón[2]

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de febrero de 2024.

### I.

El 13 de diciembre de 2023, el señor Héctor Rodríguez Blázquez (señor Rodríguez Blázquez o peticionario) presentó una *Petición de Certiorari* en la que solicitó que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario) el 17 de octubre de 2023, notificada y archivada en autos ese mismo día.[3] En el dictamen, el TPI declaró No Ha Lugar una solicitud de inhibición presentada por el peticionario en relación al juez que preside el pleito por persecución maliciosa y difamación que promueve en contra del señor Juan M. Colón Rivera, su esposa la señora Nydia E. Irizarry Martínez y la Sociedad Legal de Gananciales compuesta por ambos;

---

[1] OAJP-2021-086 del 4 de noviembre de 2021.
[2] Mediante Orden Administrativa OATA-2023-221, se designa a la Juez Santiago Calderón en sustitución de la Jueza Birriel Cardona, quien dejó de ejercer funciones como Jueza del Tribunal de Apelaciones.
[3] Apéndice de la Petición de *Certiorari,* págs. 970-976.

el señor Roberto Vázquez Ramos, su esposa la señora Irma Rivera Ramos y la Sociedad Legal de Gananciales compuesta por ambos; el señor Javier Colón Irizarry (señor Colón Irizarry), el señor Luis Muñiz Colón; Caribbean Urocentre, CSP; Advanced Urology Group, LLC (Advanced Urology Group); y West Urology Group, PSC (en conjunto, recurridos). A juicio del foro primario, las determinaciones o acciones del juez asignado al caso en las que se basó la solicitud de inhibición no eran suficientes para determinar que tenía un ánimo prejuiciado y parcializado a favor de los recurridos.

El 14 de diciembre de 2023, el señor Rodríguez Blázquez radicó una *Moción informativa sobre notificaciones* en la que informó que notificó el recurso a las partes por correo certificado y electrónico.

El 18 de diciembre de 2023, emitimos una *Resolución* en la que le concedimos a todos los recurridos un término de diez (10) días para expresar su posición en cuanto a los méritos del recurso.

El 26 de diciembre de 2023, el señor Colón Irizarry y Advanced Urology Group presentaron una *Solicitud de prór[r]oga para presentar oposición a expedición de Certiorari e informativa de cierre* en la que solicitaron una prórroga de veinte (20) días adicionales, entre otras cosas.

El 27 de diciembre de 2023, el señor Roberto Vázquez Ramos, la señora Irma Rivera Ramos, el señor Luis Muñiz Colón, el señor Juan Colón Rivera, la señora Nydia Irizarry Martínez, West Urology Group PSC y Caribbean Urocentre, CSP radicaron una *Moción solicitando prórroga para contestar solicitud de expedición de Certiorari* en la que solicitaron una prórroga de veinte (20) días adicionales.

El 9 de enero de 2024, emitimos una *Resolución* en la que le concedimos a todos los recurridos una prórroga final hasta el 19 de enero de 2024 para expresar su posición.

El 19 de enero de 2024, el señor Colón Irizarry y Advanced Urology Group presentaron una moción para adoptar por referencia la oposición que presentaron los demás recurridos, más dicho escrito no fue radicado hasta varios días después.

El 23 de enero de 2024, el señor Roberto Vázquez Ramos, la señora Irma Rivera Ramos, el señor Luis Muñiz Colón, el señor Juan Colón Rivera, la señora Nydia Irizarry Martínez, West Urology Group PSC y Caribbean Urocentre, CSP radicaron una *Oposición a la expedición del auto de Certiorari* en la que solicitaron que deneguemos la expedición del recurso o, en la alternativa, confirmemos la *Resolución* recurrida.

Contando con el beneficio de la comparecencia de las partes, pormenorizaremos escuetamente los hechos procesales atinentes a la petición de *Certiorari*.

**II.**

El 29 de enero de 2021, el señor Rodríguez Blázquez presentó una *Demanda* en reclamo de daños y perjuicios por persecución maliciosa y difamación en contra de los recurridos.[4] En resumen, el peticionario les imputó haber promovido una demanda en la Corte Federal para el Distrito de Puerto Rico por prácticas monopolísticas con alegaciones falsas de que rindió servicios médicos inferiores, así como haber acudido a los medios de comunicación para repetir los supuestos alegatos infundados. Por todo ello, solicitó una indemnización de dos partidas de no menos de quinientos mil dólares ($500,000) cada una por los daños resultantes de la persecución maliciosa y por la difamación, respectivamente.

Luego de múltiples trámites procesales, los cuales incluyeron el descubrimiento de prueba escrito y la toma de deposiciones, el 11 de septiembre de 2023, el señor Rodríguez Blázquez radicó dos

---

[4] Íd., págs. 1-11.

mociones: una *Solicitud de recusación o inhibición del Honorable Juez Superior Tomás E. Báez Collado*[5] y una *Solicitud de permiso para enmendar la Demanda*[6].

En su *Solicitud de recusación*, el peticionario argumentó que, desde una perspectiva de un observador informado, objetivo y razonable, el Hon. Juez Tomás E. Báez Collado (Juez Báez Collado), quien presidía el caso, estaba parcializado a favor de los recurridos o, al menos, presentaba la apariencia de estarlo durante el transcurso del caso. Para sustentar esa posición, incluyó en la moción una tabla con un relato de los incidentes procesales junto a su análisis para cada uno de porqué, desde su perspectiva, se podía deducir parcialidad de estos. Según esbozó, en resumidas cuentas, la parcialidad del Juez Báez Collado se podía inferir porque: (1) limitó el descubrimiento de prueba al demandante, impidiendo que se descubrieran las comunicaciones entre los recurridos; (2) permitió innumerables incumplimientos a los recurridos, denegando seis mociones del peticionario en las que se solicitó el desacato, la anotación de rebeldía o la eliminación de las alegaciones; (3) le concedió a los recurridos cinco términos perentorios para que mostraran causa y cumplieran con las órdenes del foro primario, pero, en lugar de declarar la rebeldía ante el incumplimiento de cada uno de los plazos, continuó otorgando extensiones; (4) denegó la anotación de rebeldía sin hacer más expresiones y sin que las partes pagaran la totalidad de las sanciones que le habían sido impuestas y no habían sometido las contestaciones juramentadas de una de las recurridas.

Ahora bien, en cuanto a la *Solicitud de permiso para enmendar la Demanda*, el peticionario solicitó autorización para radicar una *Demanda Enmendada* en la que se cambiaba la forma de identificar

---

[5] Íd., págs. 885-906.
[6] Íd., págs. 907-924.

a los recurridos como "los urólogos del oeste" y se añadían varias alegaciones. Esta petición fue denegada por el TPI en una *Resolución y Orden* del 20 de octubre de 2023, la cual fue objeto de impugnación por el peticionario en el KLCE202301415.

El 14 de septiembre de 2023, West Urology Group, Caribbean Urocentre CSP, el señor Luis M. Muñiz Colón, el señor Roberto Vázquez Ramos, la señora Irma Rivera Ramos, la señora Nydia Irizarry Martínez y el señor Juan Colón Rivera presentaron una *Moción en oposición a solicitud de recusación* en la que solicitaron que el TPI declarara No Ha Lugar la solicitud de recusación.[7] En síntesis, plantearon que las acciones imputadas al Juez Báez Collado se cimentaron en asuntos y acciones pertinentes al trámite judicial. Asimismo, denunciaron que el peticionario no demostró de forma alguna que el juez actuó con prejuicio o parcialidad.

El 19 de septiembre de 2023, el Juez Báez Collado emitió una *Resolución* en la que determinó que no procedía su inhibición y, en cumplimiento de la reglamentación vigente, remitió la controversia a la Jueza Administradora de la región.[8]

El 25 de septiembre de 2023, la Jueza Administradora de la Región Judicial de Mayagüez, Hon. Maura Santiago Ducós, emitió una *Orden de Asignación de Regla 63*, notificada a las partes y archivada en autos el 10 de octubre de 2023, en la que asignó al Hon. William Machado Aldarondo para atender la *Solicitud de recusación*.[9]

El 17 de octubre del 2023, el TPI emitió la *Resolución* recurrida en la que denegó la recusación solicitada porque, según concluyó, el Juez Báez Collado no actuó de manera parcializada a favor de los demandados, toda vez que no se identificó conducta, acto o

---

[7] Íd., págs. 927-937.
[8] Íd., pág. 967.
[9] Íd., pág. 969.

determinación alguna que llevara a concluir lo contrario.[10] Expresó el foro primario que, luego de evaluar las mociones presentadas por las partes, el expediente del caso y las grabaciones de las vistas celebradas, correspondía determinar que: (1) los procesos fueron dirigidos de una manera justa con un tono respetuoso y deferente; (2) las decisiones fueron tomadas dándole la oportunidad a todas las partes de exponer y fundamentar sus posturas; (3) las decisiones no respondieron en forma alguna a un ejercicio realizado en el vacío, ni fueron arbitrarias, parcializadas o prejuiciadas en contra del peticionario; (4) el Juez Báez Collado tomó decisiones a favor y en contra de ambas partes y le impuso sanciones económicas a los recurridos; y (5) aun aceptando el argumento del peticionario de que la falta de severidad del juez demostraba parcialidad, ello no constituía una de las causas de recusación de un juez. Con todo ello en mente, resolvió que las decisiones del Juez Báez Collado eran cónsonas con su obligación de velar por el orden de los procesos.

El 30 de octubre de 2023, el señor Rodríguez Blázquez radicó una *Moción de reconsideración* en cuanto a la denegatoria de la recusación.[11]

El 14 de noviembre de 2023, el TPI declaró No Ha Lugar la reconsideración.[12]

Inconforme, el señor Rodríguez Blázquez presentó la *Petición de Certiorari* de epígrafe y le imputó al foro primario la comisión de los siguientes tres errores:

> PRIMER ERROR: ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE RECUSACIÓN DEL JUEZ BÁEZ COLLADO A PESAR DE ESTE INCURRIR EN CONDUCTA PARCIALIZADA HACIA LA PARTE DEMANDADA, VIOLÁNDOLE EL DEBIDO PROCESO DE LEY A LA PARTE DEMANDANTE.

> SEGUNDO ERROR: ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE RECUSACIÓN DEL JUEZ BÁEZ COLLADO POR NO EXISTIR UNA PARCIALIDAD PROBADA, AUN CUANDO EL TRIBUNAL SUPREMO HA DICHO QUE LA

---

[10] Íd., págs. 970-976.
[11] Íd., págs. 986-994.
[12] Íd., pág. 1019.

MERA APARIENCIA DE PARCIALIDAD ES SUFICIENTE PARA LA RECUSACIÓN DE UN JUEZ.

TERCER ERROR: ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE RECUSACIÓN DEL JUEZ BÁEZ COLLADO, BASANDOSE ÚNICAMENTE EN LA CONDUCTA VERBAL DEL JUEZ HACIA LAS PARTES, Y NO TOMAR EN CONSIDERACIÓN EL EXPEDIENTE DEL CASO EN SU TOTALIDAD.

En apoyo de sus señalamientos, arguyó que la parcialidad en este caso surgía de que el Juez Báez Collado: (1) eximió a uno de los recurridos de contestar bajo juramento un interrogatorio cursado dos años antes por el Peticionario; (2) eximió a los recurridos de pagar sanciones previamente impuestas, aun cuando no cumplieron con la orden por la cual se impuso la sanción; (3) permitió que los recurridos incumplieran con las órdenes de mostrar causa sin consecuencia alguna; (4) limitó el descubrimiento pretendido por el peticionario, llegando a impedir que se descubrieran las comunicaciones entre los recurridos; (5) denegó la extensión del descubrimiento de prueba al peticionario, pero luego lo concedió a los recurridos; y (6) no le permitió al peticionario enmendar la demanda para conformar las alegaciones a la información obtenida en deposiciones sin que afectara el caso.

El 23 de enero de 2024, el señor Roberto Vázquez Ramos, la señora Irma Rivera Ramos, el señor Luis Muñiz Colón, el señor Juan Colón Rivera, la señora Nydia Irizarry Martínez, West Urology Group PSC y Caribbean Urocentre, CSP radicaron una *Oposición a la expedición del auto de Certiorari* en la que solicitaron que deneguemos la expedición del recurso o, en la alternativa, confirmemos la *Resolución* recurrida. En síntesis, argumentaron que los recurridos contestaron las mociones y siguieron el manejo del caso establecido por el TPI. En cambio, plantearon que el peticionario no demostró que denegar la recusación conllevaría un fracaso irremediable de la justicia, ni probó que el TPI actuó con prejuicio o parcialidad. Además, adujeron que la determinación recurrida estuvo basada en la totalidad del expediente, lo cual quedó

consignado en la *Resolución*. A su vez, puntualizaron que la mayoría de los eventos que mencionó el peticionario no podían ser considerados en virtud de la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1 y, además, estaban dentro de la discreción del Juez Báez Collado para establecer el manejo del caso. Por último, rechazaron que la denegatoria de un requerimiento de inspección de artefactos por excesivo y oneroso demostrara parcialidad, toda vez que el dictamen fue objeto de evaluación por esta Curia en el caso KLCE202300672, en el cual se denegó la expedición del auto.

El señor Colón Irizarry y Advanced Urology Group adoptaron por referencia el contenido de la oposición, en conformidad con una moción a esos efectos, presentada el 19 de enero de 2024.

**III.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de las de Procedimiento Civil de 2009, según enmendada, 32 LPRA Ap. V, R. 52.1,[13] establece las instancias en

---

[13] Esta Regla dispone que:
> [....]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en

las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corporation, et als.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia*.* ***Mun. de Caguas v. JRO Construction,*** 201 DPR 703 (2019). Nuestro rol al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias, o de manejo del caso, y en la cautela que debemos ejercer para no interrumpir injustificadamente el curso corriente de los pleitos que se ventilan ante ese foro. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 97 (2008).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[14]

---

estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. (Énfasis nuestro).

[14] Esta Regla dispone lo siguiente:
El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Íd.; ***Medina Nazario v. McNeil Healthcare LLC***, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". ***Hietel v. PRTC***, 182 DPR 451, 459 (2011); ***Pueblo v. Rivera Santiago***, 176 DPR 559, 580 (2009); ***Negrón v. Srio. de Justicia***, 154 DPR 79, 91 (2001); ***Bco. Popular de P.R. v. Mun. de Aguadilla***, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". ***Citibank et al. v. ACBI et al.***, supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por

---

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).

el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". Íd., pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

## IV.

Tras un análisis objetivo, sereno y cuidadoso de la *Petición de Certiorari*, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, como en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. A nuestro juicio, no atisbamos motivo, error, o indicio de pasión, prejuicio, parcialidad o abuso de discreción alguno que amerite nuestra intervención. Nos reafirmamos en que no intervendremos con la determinación recurrida de no inhibir al magistrado que preside el caso. La determinación del foro primario de denegar la recusación solicitada por el peticionario, evaluó la totalidad del expediente del caso y es esencialmente correcta en derecho.

## V.

Por las razones esbozadas, se *deniega* la expedición del auto de *certiorari*.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones